MIDWESTERN INDEMNITY COMPANY, Appellee,

v.

SAVAGE; Rich, Appellant.

[Cite as *Midwestern Indemn. Co. v. Savage*, 149 Ohio App.3d 596, 2002-Ohio-5593.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 02CA1584.

Decided Oct. 18, 2002.

Edward M. Ryder, David K. Frank and Kristin Gatherum, for appellee Midwestern Indemnity Company.

William A. Posey and Joseph M. Callow Jr., for appellant David Rich.

GRADY, Judge.

{¶ 1} This is an appeal from a summary judgment rendered for an insurer in a declaratory judgment action, finding that the insurer has no duty to indemnify for legal liability arising from a judgment against its insured on an employee intentional tort claim.

{¶ 2} David Rich was employed by Paul Savage, and was seriously injured while working on the job. Rich obtained workers' compensation benefits for his

injury. He also commenced an employee intentional tort claim against Savage, alleging that the injuries he suffered were substantially certain to occur.

{¶ 3} Savage had purchased a commercial general liability policy of insurance from Midwestern Indemnity Company ("Midwestern"), which provided policy limits of $1 million. When a consent judgment of $1.3 million was entered against Savage and in favor of Rich on his intentional tort claim, and Savage then assigned Rich his own rights of coverage under the Midwestern policy, Rich demanded satisfaction from Midwestern. The insurer then commenced the underlying declaratory judgment action to determine its duty of coverage.

{¶ 4} The policy contains two relevant exclusions from the liability coverage it provides. One excludes coverage of claims for bodily injury "expected or intended from the standpoint of the insured." The other excludes coverage of claims for bodily injury to "[a]n employee of the insured arising out of or in the course of (a) Employment by the insured; or (b) Performing duties relating to the conduct of the insured's business." Midwestern moved for summary judgment on both exclusions. The trial court granted summary judgment to Midwestern on both.

{¶ 5} Rich filed a timely notice of appeal. He argues on appeal that the trial court erred in finding that both exclusions in the Midwestern policy prevent coverage on his claim and the resulting judgment against Savage.

{¶ 6} The two exclusions, while they each concern bodily injury, implicate different and independent circumstances. Therefore, if we find that one applies, we need not address the other.

{¶ 7} We believe that the exclusion of liability coverage for claims for bodily injury to "an employee of the insured arising out of or in the course of * * * performing duties relating to the conduct of the insured's business" specifically excludes coverage of Rich's claim under the Midwestern policy. It is undisputed that Rich was injured on the job while working for Savage and performing duties relating to the conduct of Savage's business. Therefore, the exclusion pertains to the injuries that Rich suffered, and which form the basis of his employer intentional tort claim.

{¶ 8} Rich argues that Midwestern nevertheless owes a duty of coverage. He relies on two decisions: *Maffett v. Moyer's Auto Wrecking* (June 7, 2000), Crawford App. Nos. 3–99–11 and 3–99–12, 2000 WL 743707; and *Miller v. Midwestern Indemn. Co.* (Feb. 23, 1996), Montgomery App. No. 15360, 1996 WL 397450. We believe that neither is dispositive of the issue presented here.

{¶ 9} In *Maffett*, a wrongful death claim alleged that the injury which resulted in death was substantially certain to occur. The employer's policy excluded coverage for injuries "arising out of and in the course of employment."

The Third District Court of Appeals, relying on *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, reasoned that because employer intentional torts arise outside the employment relationship, the policy exclusion was ineffective to deny coverage of the injury concerned.

{¶ 10}   *Brady* held that intentional torts that are substantially certain to occur are insurable.   However, no employer is required to purchase insurance coverage against his liability for such intentional torts, and no insurer is required to offer or provide it.   The *Maffett* court nevertheless read that coverage into the policy because the terms of the exclusion, "arising out of and in the course of employment," necessarily excludes intentional torts.

{¶ 11}   It is true that torts "arising out of and in the course of employment" exist outside the employment relationship.   *Blankenship v. Cincinnati Milacron Chem., Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572.   The holding was there applied to deny an employer the immunity from civil liability that attaches to injuries which arise from the employment relationship.   However, it does not follow that a policy of liability insurance the employer has purchased that expressly excludes coverage of such injuries necessarily must cover them.   The public-policy considerations implicated in *Blankenship* by the immunity-from-liability provision in the workers' compensation law simply do not extend on that same rationale to create coverage for liability which by the express terms of the policy does not exist.   See *Penn Traffic Co. v. AIU Ins. Co.* (Sept. 10, 2001), Pike App. No. 00CA653, 2001 WL 1085242, certified conflict and discretionary appeal accepted for review in (2002), 95 Ohio St.3d 1406 and 1407, 765 N.E.2d 875 and 876.

{¶ 12}   In this case, however, the exclusion on which we rely is stated in different terms.   Injuries to an employee "arising out of performing duties relating to the conduct of the insured's business" are excluded.   Rich argues that the meaning is the same as "arising out of and in the course of employment," and perhaps it is.   However, we agree with the court in *Penn Traffic* that an exclusion in those terms is not ineffective, nor is the exclusion here involved, for the same reason.

{¶ 13}   *Miller* was a decision of this court.   However, the coverage found was not created by a commercial general liability insurance policy that contained an employment exclusion, but by an employer's liability coverage endorsement, which did.   We merely refused to apply the exclusion in the one policy to the coverage the other provided, which would have rendered its terms meaningless.

{¶ 14}   The Fourth District certified a conflict to the Supreme Court between its holding in *Penn Traffic*, with which our decision here is in accord, and the Fourth District's decision in *Maffett*.   The Supreme Court has accepted the

conflict for determination, so whether we are correct will eventually be resolved in that context.

{¶ 15}  The assignment of error is overruled.  The judgment of the trial court will be affirmed.

Judgment affirmed.

BROGAN and FAIN, JJ., concur.